## Richmond

ALBERT B. BUTLER v. HOPE OKUNO BUTLER.

September 2, 1976.

Record No. 751100.

Present, All the Justices.

F. Guthrie Gordon, III (John C. Lowe; F. Guthrie Gordon; Lowe and Gordon, Ltd., on brief), for appellant.

J. T. Camblos, for appellee.

Per Curiam.

The chancellor awarded Hope Okuno Butler (wife) a divorce from her husband, Albert B. Butler. She was awarded custody of the eight-year-old son and seven-year-old daughter of the parties and the husband was ordered, in addition to paying monthly mortgage installments and taxes on the jointly-owned residence occupied by his family, to pay monthly payments of $200 for support and maintenance of the wife and $300 for child support. The decree provided that $100 of the wife's monthly support might be deferred by the husband until such time as he received an expected refund of approximately $2,500 from overpayment of his 1973 income taxes.

The husband does not challenge the wife's entitlement to a divorce. His sole ground for appeal is the allowance of support and maintenance to the wife.

The husband is a 36-year-old physician highly skilled in academic neurosurgery. The evidence discloses that his annual salary is $26,500 and that he is entitled to occupy rent-free staff quarters at the hospital where he is employed. While the husband had approximately $14,000 in educational loans outstanding, only $171.04 monthly is required to be paid on this indebtedness. Other than these educational loans and the mortgage, the husband's testimony shows that his other indebtedness totaled less than $2,600.

The husband estimated his monthly living expenses to be approximately $210, if he continued to live in staff quarters. He testified, however, that he wanted to move to an apartment and estimated his monthly living expenses would increase to approximately $500. The husband conceded that he could double his earnings if he chose to leave his staff position and engage in private practice. His career plan, however, is to remain on the hospital staff in order to engage in research and to qualify himself to become the head of a department of neurosurgery at a teaching hospital.

The evidence establishes that the monthly living expenses of the wife and children, other than mortgage payments on the home, were at least $488.46. When the parties were married in 1966, the wife was a student nurse but did not subsequently complete her training. The wife's only employment outside the home since the marriage was as a hospital technician in Washington, D. C., for a period of time and at a time undisclosed by the record. Since the parties separated, she has been working part time as a substitute school teacher. During the month before the *ore tenus* hearing on alimony and support, she was called to work only three days at a salary of $15 per day.

The husband does not challenge that $500 per month is required to meet the living expenses of his wife and children. He argues, however, that he is unable to make the $200 payment for support of the wife. He points out that his monthly salary of $2,208.33 is reduced, after deductions, to $1,390.98. He would then have us deduct $259.25 in monthly payments on installment accounts, $171.04 in payments on his educational loans, $440.45 for a home mortgage payment and $500 for support of his wife and children to establish that he would have less than $100 a month to meet his own living expenses. He overlooks, however, that the deductions from his salary include a contribution of $115 monthly to a voluntary retirement program and

that the exemption certificate, which he voluntarily filed for income tax withholding purposes, caused his employer to withhold approximately $200 more each month than was required to meet his income tax liability for the preceding year. He would also have us ignore that one of his installment obligations, in the amount of $113.84 monthly, would terminate within four months and that other installment accounts requiring $120.45 in additional monthly payments would be fully liquidated in less than one year. He argues that the chancellor's action in permitting him to defer payment of $100 monthly until receiving his tax refund amounts to a finding that he cannot meet the obligation imposed upon him by the decree. He also argues that the evidence establishes that the 30-year-old wife has sufficient training and ability to obtain regular employment as a hospital technician at an increase in earnings over those received from her occasional employment as a substitute teacher.

We affirm the decree of the trial court. The rule applicable here requires a husband, within the limits of his financial ability, to maintain his former wife in a manner to which she was accustomed during the marriage. A fair allotment to a wife is determined by balancing her needs against the ability of the husband to pay, considering both his actual earnings and his capacity to earn, whether from his personal exertions or his property. *Robertson* v. *Robertson*, 215 Va. 425, 427, 211 S.E.2d 41, 44 (1975).

Here the trial court heard *ore tenus* evidence on the question of support for the wife and children. The chancellor's findings in those circumstances have great weight and are presumed to be correct. From the record before us it is clear that the sum of $500 monthly, $300 for support of the children and $200 for the maintenance and support of the wife, is barely adequate to maintain the wife and children. Indeed, the husband does not challenge this amount.

The husband concedes that he could "double his income" by leaving his present staff position and engaging in private practice. To remain in a lower-salaried, career-oriented, staff position, sacrificing immediate income for future expectations, is a choice which the husband made in his own interest. This decision, however, will not be permitted to penalize his wife and children.

Should the husband choose to continue in his present career program, he can immediately increase the cash flow from his income by terminating his retirement program and claiming the additional tax exemptions to which he is entitled. Such action on his part would

provide him with an amount which would be more than adequate to meet his needs as disclosed by his testimony.

The indulgence of the trial court in permitting the husband to defer payment of a portion of the support payment until the husband received his tax refund redounded to the husband's advantage, and he will not be heard to claim prejudice.

*Affirmed.*