## CIRCUIT COURT OF CLARKE COUNTY

May

v.

May

July 20, 1982

Case No. (Chancery) 2352

BY JUDGE ROBERT K. WOLTZ

The parties to this suit were married in 1961. In January, 1980, in their pending divorce suit, custody of their two children, now fifteen and twelve, was awarded to the mother and the father ordered to pay child support of $280.00 every two weeks. A divorce decree was entered in September, 1980, on ground of separation for one year. The father remarried in about three months to his present wife, who has a thirteen-year-old daughter.

At the time of the divorce proceedings, the father was employed by the Federal Aviation Administration as an air controller at a monthly salary of almost $3,000.00 with a monthly "take-home" pay of nearly $2,000.00. In addition, he received a $240.00 per month Veterans pension. He was also a member of a labor union for air controllers known as PATCO.

PATCO called a strike August 3, 1981, at which time the father's monthly gross salary was about $3,500.00. No strike was to have been called unless there was at least an 80% vote for it. Union officials informed the membership at meetings the 80% strike call vote had been obtained, that more than 80% of the membership was participating in the strike, and that under those conditions, the airlines could not operate and the strike would be successful and the union win its demands.

By letter of August 15th, he received notice of his proposed dismissal effective August 21st. He did not return to work and was dis-

charged August 21st. He testified he knew of no fellow strikers who returned to work before that date. He did hear mention in a union meeting that the strike was against federal law, but the membership was told not to worry, the union had to win the strike, and nobody would lose his job, and he believed this implicitly.

He remained unemployed until November, when he obtained work with a construction company, and currently makes $8.00 per hour and a "take-home" pay of $270.00 per week. His Veterans pension has increased to $291.00 monthly.

The final decree in the divorce suit referred the matter for future supervision and modification regarding custody and child support under § 20–79(c) to the Juvenile and Domestic Relations District Court. He is on appeal from that Court on its refusal to grant his petition for modification of child support payments due to change in circumstances of his employment and income.

The mother was working when the original support order was entered, and while her earnings have increased since then, the evidence shows that her current earnings, together with the stated support due from the father, are almost equal to the living expenses for herself and children, and those expenses do not appear in any particular to be unreasonable. She has found it necessary to go into considerable debt in order to meet living expenses, as child support payments were entirely omitted or paid only in part following the appellant's loss of employment as an air controller.

Shortly before the divorce decree, the mother sold her interest in the parties' residence for $4,000.00. This house, in which there is an equity over debt of at least $20,000.00 to $30,000.00, the father transferred in January of this year to the joint names of himself and his present wife. Rental from this house is slightly more than the deed of trust payments on it.

In April of 1981, the father bought in his and his present wife's name a $77,000.00 home, $52,000.00 of the purchase price being represented by a deed of trust, his present wife contributing $7,000.00 to the $25,000.00 down payment. He and his wife and her daughter live there.

In May of this year, the father obtained the liquidated amount in his civil service retirement account in the sum of $20,000.00 and purchased certificates of deposit with it in the joint names of himself and his present wife. From his statement of expenses, in addition to the

very sizeable monthly amounts being expended on deeds of trusts on the two properties of which his present wife is a joint owner, it is apparent that many of the other expenses listed are for this spouse and her child.

The appellant's petition for modification of the support payments previously ordered is denied for the following reasons:

(1) While it may appear to some as severe, as a rule of practical necessity, the law of this jurisdiction is that remarriage resulting in new family dependents is a change of circumstance which is given little, if any, consideration with regard to reduction in the previously ordered support. *Hammers v. Hammers*, 216 Va. 30 (1975), and *Morris v. Morris*, 216 Va. 457 (1975). The appellant is expending sums for the support and maintenance of his present wife and her child and beyond that is expending monies to build up not only his own but her equity in two valuable properties. This under other circumstances might be very well, even commendable, but increasing their financial security and future estate at the sacrifice of the present support to which his children are justly entitled cannot be sanctioned.

(2) While the appellant's income from employment has been very severely reduced and praiseworthy, he has obtained and maintains employment, even though much less rewarding and in an entirely different field of endeavor, yet earnings from work is not the only source to be looked to for payment of support. Property and its income are considered as well as income from "personal exertions." *Robertson v. Robertson*, 215 Va. 425 (1975); *Taylor v. Taylor*, 203 Va. 1 (1961), and *Klotz v. Klotz*, 203 Va. 677 (1962). Not only does the defendant have valuable equities in real estate but in May, he was possessed of $20,000.00 in cash which he saw fit to invest (with his wife as joint owner) rather than use to pay child support. There may be some difficulty, even some sacrifice, in liquidating any real property on the presently depressed market. There should be no difficulty in liquidating the certificates of deposit when they mature next month. When a needed amount of child support has been ordered and is due, no reduction in the amount is justified when the obligor has sufficient property out of which such payments can be made.

(3) It is difficult to give credence to that testimony of the appellant to the effect he had no notice of any injunction against the PATCO strike, that he did not learn through the news media that the President was threatening to fire the strikers if they did not return to work, that

he did not understand this strike was in violation of law and that being fired came as a complete surprise to him. He admits both his participation in the strike and his declination to return to work during the strike were of his own choice. The only excuse for his losing his very remunerative position was a blind and misplaced trust in his union and its leaders' assertion that union might assured that the illegal strike could and would be won. This excuse will not prevent the loss of his job from being the result of his conscious, deliberate choice, his own voluntary act. One who seeks a reduction in the established amount of support on the basis of changed circumstances causing an inability to pay has the burden of showing the inability is not due to his voluntary act. *Crosby v. Crosby*, 182 Va. 461 (1944); *Hammers, supra*; *Morris, supra*; *Butler v. Butler*, 217 Va. 195 (1976).

The Court below allowed the mother by way of counsel fees $175.00. This charge may have been paid, or if not, it was not brought in issue on this appeal, and that sum is found in this court to be appropriate for that purpose. For services rendered in this Court, an allowance of counsel fees to be paid by the father to the mother is set at $350.00.

Finding is made without dispute that the arrearage in child support payments existing as of June 21, 1982, the date of the *ore tenus* hearing on the matter, was in the sum of $2,725.00. Counsel for the appellee moved at that hearing that the father be found in contempt for failure to pay the sums in arrears, but a review of the record discloses no written motion for that purpose, nor any notice of it, so no ruling is made on the motion, but the Court will entertain a formally made motion following due notice to the appellant.

The Court has previously ruled, though it does not appear to be of record, that the mother's petition for change of venue to the Juvenile and Domestic Relations District Court of the County of Henrico be denied. There seems to be no statute which authorizes such a transfer to a Juvenile and Domestic Relations Court of another jurisdiction.