COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Fitzpatrick and
        Senior Judge Duff

PAUL BRUNDAGE

v.          Record No.  1487-94-4

EDITH EMILY BRUNDAGE                    MEMORANDUM OPINION[*] BY
                                        JUDGE CHARLES H. DUFF
EDITH EMILY BRUNDAGE                       MAY 23, 1995

v.          Record No. 1571-94-4

PAUL BRUNDAGE

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Marcus D. Williams, Judge

            Paul Brundage, pro se.

            John S. Petrillo (Philip Schwartz; Schwartz &
            Ellis, Ltd., on brief), for Edith E. Brundage.


        Paul Brundage (husband) appeals the decision of the circuit

court granting Edith E. Brundage (wife) a divorce on the grounds

of a one-year separation and deciding other issues.  Wife has

also filed an appeal from the circuit court's decision.

        Husband raises the following issues on appeal:
        (1) whether the trial court erred in overruling
        husband's objections to the findings of the
        commissioner in chancery that husband condoned wife's
        adultery;

        (2) whether the trial court erred in failing to
        incorporate the parties' Property Settlement Agreement
        into the final decree of divorce;

        (3) whether the trial court erred in awarding no
        attorney's fees to husband and awarding $23,000 in
        attorney's fees to wife;

        (4) whether the trial court erred in awarding spousal

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

support to wife and failing to reserve a right to spousal support to husband; and

(5) whether the trial court erroneously awarded wife an interest in husband's pension exceeding the statutory marital share.

In response to wife's appeal, husband also raises as an issue whether the trial court erred in determining the amount of child support.

Wife raises two issues on appeal, both of which relate to the award of an interest in husband's pension:

(1) whether the trial court erred in awarding wife only thirty-five percent of the marital share of husband's pension; and

(2) whether the trial court erred in refusing to also award wife a survivor's annuity.

The commissioner in chancery heard evidence on the parties' respective grounds for divorce. Additional hearings on the issues of equitable distribution and spousal support were conducted by the trial court.

## I. Grounds for Divorce

"The commissioner's report is deemed to be prima facie correct." Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990). "When the commissioner's findings are based upon ore tenus evidence, 'due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand.'" Id. (citation omitted). "The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial,

2

competent, and credible evidence." Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986).

The commissioner found that, while wife committed adultery, the parties resumed marital relations after husband knew of wife's infidelities. Husband challenges the finding that he condoned wife's adultery. At oral argument and in his brief, husband pointed specifically to incidents of adultery that occurred in March 1988. However, the "Agreement Concerning Trial Reconciliation and Terms and Conditions in the Event of Divorce," drafted by husband and provided to wife in July 1990, contains the following passage:

> On or about November 19, 1989, HUSBAND learned that during the previous twenty-two (22) months WIFE has had an ongoing adulterous relationship at various times and places in Europe, with one GILLES. One specific instance occurred at The Collin House, Ebury Street, SW1, London, England, on March 11, 1988.

The parties admitted that they resumed their marital relations, albeit on a trial basis, in September 1990.

"'Condonation is defined to be the remission, by one of the married parties, of an offense which he knows the other has committed against the marriage, on the condition of being continually treated by the other with conjugal kindness.'" Cutlip v. Cutlip, 8 Va. App. 618, 621, 383 S.E.2d 273, 275 (1989) (citation omitted). Condonation is a defense to a charge of adultery as a grounds for divorce. Id. While husband contends he had no knowledge that wife committed adultery on specific dates during this period, substantial evidence demonstrates that

3

husband knew of wife's ongoing adulterous relationship prior to the parties' reconciliation.  Therefore, as credible evidence supports the commissioner's finding, this Court will not disturb the decision of the trial court to accept the commissioner's report.

## II.  Incorporation of Property Settlement Agreement

"The language of Code § 20-109.1 gives the trial court discretion in determining whether a property settlement agreement should be incorporated by reference into a final decree of divorce.  Absent an abuse of discretion, the trial court's decision must be upheld on appeal."  Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986).

Husband alleges the trial court erred in failing to incorporate into its final decree the property settlement agreement outlined before the trial court during a hearing in March 1994.  We note, however, that "[t]o be valid and enforceable, the terms of an oral agreement must be reasonably certain, definite, and complete to enable the parties and the courts to give the agreement exact meaning."  Richardson v. Richardson, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990).  In contrast, the transcript upon which husband relies indicates that the agreement was characterized as an "outline."  The agreement also failed to address significant marital property interests held by the parties, most notably the parties' respective pensions benefits.

Therefore, we cannot say the trial court abused its discretion in failing to approve the parties' property settlement agreement.

### III.  Award of Attorney's Fees

A court's award of attorney's fees and costs is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award is reasonableness under all the circumstances.  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

While husband contends that wife's suit was meritless, the commissioner found the evidence supported wife's complaints concerning husband's behavior towards her and the parties' children, noting that "the marriage had nearly terminated because of the factors proven by [wife]."  Moreover, the trial court indicated it had "taken into consideration the factors . . . concerning who may be responsible for litigation or [a] particular motion or so forth."  The trial court noted also that husband had used marital assets to pay some of his attorney's fees and that husband had substantially higher income than wife.

Wife incurred $57,000 in attorney's fees, of which husband was ordered to pay $20,000.  Husband was also ordered to pay $3,000 in costs.  Based on the issues involved and the respective abilities of the parties to pay, we cannot say that the award was

5

unreasonable or that the trial judge abused his discretion in making the award.

## IV.  Spousal Support

Husband challenges the trial court's award of spousal support to wife, asserting that the trial court erred in failing to impute annual income of $52,000 to wife.  The testimony before the trial court demonstrated that husband had been the primary wage-earner for the family.  When wife did work, it had been primarily part-time.  There was no year in which wife earned $52,000.

Moreover, the trial court found wife's testimony to be credible.  She testified that her current position alleviated the need for child care and avoided unusual work hours "which would be inappropriate, given [wife's] responsibilities and circumstances."  Cf. Butler v. Butler, 217 Va. 195, 197, 227 S.E.2d 688, 690 (1976) (father's decision to remain in lower-paid position was "made in his own interest").

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  The record demonstrates the trial court considered the statutory factors and did not abuse its discretion.  Therefore, we affirm the trial court's decision awarding wife spousal

6

support.

Husband also requested spousal support in his Cross-Bill of Complaint. While we cannot say on review that the trial court abused its discretion in denying husband's request for spousal support at this time, the trial court did err by failing to reserve husband's right to seek spousal support in the future. "[W]here there is no bar to the right of spousal support, it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances." Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986). Therefore, we reverse and remand to the trial court for reservation of husband's right to seek spousal support in the future.

### V. Interest in Husband's Pension

In the final decree, the trial court noted that the present value of husband's "[Civil Service Retirement System] pension is $75,085.00, and the marital share thereof is 96.92% or $72,772.38." The court then awarded wife the following:

> [Wife] is awarded 35% of the gross amount of
> each pension payment due to [husband]
> pursuant to his Federal Government CSRS, in
> whatever manner the payments are made,
> whether by monthly allotment, or by lump sum
> payment, or by other means, and any payment
> due to [wife] shall be made directly to her
> . . . .

As entered, the order is erroneous. "A present value calculation is of direct use only where payment of the portion of

7

the monetary award attributable to the pension is to occur immediately rather than over a period of time." Zipf v. Zipf, 8 Va. App. 387, 397, 382 S.E.2d 263, 269 (1989). The trial court choose not to make a present monetary award to wife comparable to her share of husband's pension.

Instead, the trial court awarded wife a percentage of each CSRS pension payment husband receives at the time it is paid out. Under Code § 20-107.3(G)(1), a trial court may award a percentage of any pension payout to the spouse, but the court must ensure that the amount paid to the spouse does not exceed fifty percent of the marital share.

The trial court's award of thirty-five percent of husband's CSRS pension at the time it is actually paid did not reflect an award of only the marital share. While the marital share at the time of trial was very nearly equal to husband's total pension, the marital share of the total pension will diminish with husband's continued employment.

Therefore, we reverse and remand for the trial court to enter an order awarding wife her thirty-five percent portion of the marital share of husband's pension, to be paid at the time husband begins to receive his pension. The marital share may be determined by use of a fraction, the numerator of which is the number of months husband was employed and contributing to his pension during the marriage and before the last separation of the parties, and the denominator of which is the total number of

8

months of husband's employment.  See Code § 20-107.3(G)(1).

Wife argues that the trial court erred by failing to award her a survivor's annuity.  As the issue of the equitable distribution of husband's pension has been remanded, the trial court may reconsider whether an award of a survivor's annuity is warranted under the circumstances and in light of the statutory factors set out in Code § 20-107.3(E).

## VI.  Child Support

In response to wife's appeal, husband also seeks review of the trial court's order setting child support.  Husband alleges the trial court erred by deviating from the statutory guidelines without written findings, by failing to impute income to wife, and by failing to include his child care expenses in its calculation.

The trial court awarded child support based upon the statutory guidelines, expressly deviating from the guideline amount for split custody to include the additional costs for private school and orthodontia.  See Code §§ 20-108.1(B) and 20-108.2(G).  Evidence was introduced to support those costs, and the amounts of the deviations were included in the guideline worksheet incorporated into the court's decree.  The trial court's order rebutted the presumptive correctness of the statutory guideline amount with "enough detail and exactness to allow for effective appellate review of the findings." Richardson v. Richardson, 12 Va. App. 18, 22, 401 S.E.2d 894, 897

(1991). Therefore, we find no reversible error in the trial court's deviation from the statutory guidelines.

The trial court determined wife was not underemployed. This decision was supported by credible evidence. We therefore find no error in the trial court's decision not to impute income to wife.

Husband presented no evidence during the trial court's hearings concerning child care expenses. The only evidence concerning child care was a summary attached to one of several motions for reconsideration filed by husband after the close of the trial. As husband did not present any evidence of his child care costs during the trial, we cannot say the trial court erred in refusing to include in its calculations any of those alleged expenses.

In summary, we reverse and remand the trial court's award to wife of thirty-five percent of each payment received by husband from his CSRS pension. The trial court may review its determination concerning an award of a survivor's annuity, in light of its decision concerning husband's pension. We also reverse the trial court's failure to reserve husband's right to seek spousal support in the future.

We affirm all other aspects of the trial court's decision. Specifically, we affirm the finding that husband condoned wife's adulterous relationship; the award to wife of spousal support, attorney's fees, and costs; the refusal to incorporate the

10

property settlement agreement into the final decree of divorce; and the determination of child support.

<u>Reversed in part, affirmed in part, and remanded.</u>