COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Salem, Virginia


VICTOR RAY LAYMAN, II
                                        OPINION BY
v.   Record No. 2462-96-3      CHIEF JUDGE NORMAN K. MOON
                                        AUGUST 5, 1997
JANE ELIZABETH GRIER LAYMAN

            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                      Roy B. Willett, Judge

        Jonathan Rogers (Jonathan Rogers, P.C., on
        briefs), for appellant.

        Harvey S. Lutins (J. Emmette Pilgreen, IV;
        Lutins, Shapiro & Kurtin, on brief), for
        appellee.


     Victor Ray Layman, II ("husband") appeals the order of the

trial court denying his petition for modification of child

support.  Husband asserts that the trial court erred in: (1)

finding that he was voluntarily unemployed as a result of his

incarceration and was therefore not entitled to a reduction in

child support; and (2) refusing to determine his child support

obligation based upon imputed legally earned income.  We hold

that the trial court did not err in finding that husband's

incarceration constituted voluntary unemployment.  Accordingly,

we affirm.

     Husband and Jane Elizabeth Grier Layman ("wife") were

married on December 19, 1981.  From 1981 to 1996 husband averaged

$16,000 a year in legally earned income.  In 1990, husband's

father died and husband inherited $100,000, which he used to open

a real estate business, the "Academy of Real Estate."  The parties separated shortly thereafter and entered into a separation agreement in which husband agreed to pay $1,100 in monthly child support.  Despite depleting his inheritance and incurring substantial debt, husband was unable to maintain his business, which ultimately failed in 1992.  Husband had no legal source of income during 1991 and 1992.

The parties' final decree of divorce, incorporating the parties' separation agreement, was entered on February 6, 1992. Husband testified that he began growing and selling marijuana in 1992 in order to "pay off all of the massive amount and [sic] debts and avoid bankruptcy" and so that he could continue to support his children.  Husband was arrested in December, 1994, for growing marijuana and was subsequently convicted and sentenced to a five year prison term.  On May 30, 1996, husband petitioned the trial court for a reduction in child support. Finding that husband's crime resulting in incarceration constituted voluntary unemployment, the trial court denied husband's petition.

In a petition for modification of child or spousal support, the moving party must prove a material change in circumstances that warrants modification of support.  Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).  Here, the evidence shows that husband experienced a material change in circumstances.  At the time of the entry of the final decree of divorce, husband was actively pursuing a real estate business, financed in large part

by his inheritance of $100,000.  At the time of husband's petition for modification, husband was incarcerated.

Whether this material change warranted modification of husband's support award requires that we address the question of whether a parent's incarceration can constitute voluntary unemployment under Code § 20-108.1(B)(3).  Considering a case in which a parent sought reduction of his support obligation after being fired from his job for stealing, the Supreme Court held that:

> In the case before us, it is undisputed that [petitioner's] diminution of income was the direct consequence of his voluntary, wrongful act.  After receiving a direct warning from his employer following a previous theft, he was fired for stealing again.  He failed to meet the burden . . . of showing himself free of responsibility for his change in circumstances, and was not entitled to a reduction in [child] support based upon the diminution of income caused by the loss of his job.

Edwards v. Lowery, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986).  Here, husband similarly attempts to shift to his wife and children the consequences of his wrongdoing.  In keeping with the principle articulated in Edwards, we hold that a parent's incarceration may be found to constitute voluntary unemployment under Code § 20-108.1(B)(3), and, consequently, it may preclude a reduction of a support obligation based on a loss of income resulting from that incarceration.

Accordingly, we affirm the trial court's finding that husband's incarceration did not entitle him to a reduction in

support.

Affirmed.