COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


COURTNEY WOOD

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2388-97-4       JUDGE LARRY G. ELDER
                                           APRIL 21, 1998
HARRY WOOD


                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          F. Bruce Bach, Judge

             Paula W. Rank (Byrd, Mische, Bevis, Bowen,
             Joseph & O'Connor, P.C., on brief), for
             appellant.

             Beth A. Bittel (Law Offices of Beth A.
             Bittel, on brief), for appellee.


     Courtney Wood ("mother") appeals the trial court's order

granting the motion of Harry Wood ("father") to reduce his

obligations of child support and spousal support.  For the

reasons that follow, we affirm.

     On appeal, "[a] presumption exists that the trial court

based its decision on the evidence presented and properly applied

the law."  <u>Reece v. Reece</u>, 22 Va. App. 368, 372, 470 S.E.2d 148,

151 (1996).  The burden is on the appellant to show that the

trial court's decision was erroneous.  <u>See</u> <u>Twardy v. Twardy</u>, 14

Va. App. 651, 658, 419 S.E.2d 848, 852 (1992).
             "Under familiar principles we view [the]
             evidence and all reasonable inferences in the
             light most favorable to the prevailing party
             below.  Where, as here, the court hears the

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> evidence <u>ore</u> <u>tenus</u>, its finding is entitled
> to great weight and will not be disturbed on
> appeal unless plainly wrong or without
> evidence to support it."

<u>Street v. Street</u>, 25 Va. App. 380, 387, 488 S.E.2d 665, 668

(1997) (<u>en</u> <u>banc</u>) (quoting <u>Martin v. Pittsylvania County Dept. of</u>

<u>Social Services</u>, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

I.

CHANGE IN CIRCUMSTANCES

We hold that the evidence was sufficient to support the

trial court's conclusion that a material change in circumstances

had occurred since the entry of the parties' divorce decree that

warranted a reduction in father's spousal and child support

obligations.

The party seeking a modification of child or spousal support

has the burden of proving (1) that a material change in

circumstances has occurred since the most recent judicial review

of the award and (2) that the change warrants modification of the

party's support obligations.  <u>See</u> <u>Moreno v. Moreno</u>, 24 Va. App.

190, 195, 480 S.E.2d 792, 795 (1997); <u>see also</u> <u>Layman v. Layman</u>,

25 Va. App. 365, 367, 488 S.E.2d 658, 659 (1997).  The moving

party must also make "full and clear disclosure relating to his

ability to pay" and prove that "his lack of ability to pay is not

due to his own voluntary act or because of his neglect."  <u>Hammers</u>

<u>v. Hammers</u>, 216 Va. 30, 31-32, 216 S.E.2d 20, 21 (1975); <u>see also</u>

<u>Crosby v. Crosby</u>, 182 Va. 461, 466, 29 S.E.2d 241, 243 (1944).

First, we disagree with mother that the parties' agreement

2

required father to prove a change in his "average" financial condition over a number of years. The provision regarding father's support obligation is unambiguous and mother's interpretation of it is inconsistent with the plain meaning of its terms. The agreement, which was incorporated into the parties' divorce decree, expressly utilized the well established "change of circumstances" test as the mechanism by which the parties may seek to modify spousal support. This standard also governs requests to change father's child support obligation. See Kaplan v. Kaplan, 21 Va. App. 542, 547, 466 S.E.2d 111, 113-14 (1996). Significantly, the text of the agreement does not indicate that the proof burden imposed upon a party seeking a change in support is any different from that imposed upon a person seeking to modify a purely court-ordered support obligation. Moreover, the levels of child and spousal support established by the parties in the agreement were based upon the approximate "present gross annual income" of each party and not their "average" gross annual incomes.

> A separation agreement . . . is a contract and must be construed as such. Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself.

Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994).

The evidence, when viewed in the light most favorable to

3

father, supports the trial court's conclusions that the change in father's financial condition was not attributable to his voluntary actions or neglect and that it warranted a reduction in his support obligations. In 1995, father agreed to pay mother $2,850 per month in spousal support and $800 per month in child support for the parties' sole minor child. The parties expressly stated in their agreement that these amounts were "predicated upon" the fact that father's "present gross annual income" was "approximately $150,000." At the hearing on father's motion, the evidence indicated that father had experienced a drastic reduction in income due to market-related changes affecting his business, Harcourt Group, Ltd. ("Harcourt"), and that the financial reversal of Harcourt was not attributable to any neglect or other acts of father.

Furthermore, based on our review of the record, we cannot say that father failed to provide full and clear disclosure regarding his current ability to meet his support obligations. The record contains ample evidence regarding father's salary and other forms of income from Harcourt as well as the past, present, and future performance of Harcourt. Although mother contends that the evidence produced by father regarding his ability to pay was of an insufficient quality, the credibility and weight of this evidence was an issue for the finder of fact at trial and not for this Court on appeal. Cf. Moreno, 24 Va. App. at 195, 480 S.E.2d at 795.

4

## II.

### FATHER'S INCOME

We also hold that the evidence was sufficient to support the trial court's finding that father's income was currently $60,000 per year. The record established that, from the beginning of 1997 to August 14, 1997, the date of the hearing, father's income consisted of $9,000 in salary from Harcourt and approximately $46,000 in loans from Harcourt and one of his pension plans. Father's testimony indicated that, in light of Harcourt's business problems and liability to its retirement account, father would probably receive little if any additional income from Harcourt in 1997.

## III.

### IMPUTATION OF INCOME TO MOTHER

Mother contends that the trial court's imputation of income to her was unsupported by the evidence and that the trial court erred when it declined to impute income to father based on his earning capacity. We disagree with both contentions.

In light of our standard of review, we cannot say that the trial court's decision to impute income to mother was unsupported by the evidence. Steven Shedlin, a "forensic employment expert," opined that, based on her background, mother could obtain work in retail management that paid between $21,000 and $25,000 per year, including commissions, "within two-to-three months of full-time job search." This testimony, which the trial court deemed

5

credible, supports the trial court's finding that mother can earn $1,917 per month.

We hold that the trial court did not abuse its discretion when it declined to impute income to father. "A 'court may impute income to a party who is voluntarily unemployed or underemployed.'" Stubblebine v. Stubblebine, 22 Va. App. 703, 708, 473 S.E.2d 72, 74 (1996) (en banc) (quoting Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994)); see also Code § 20-108.1(B)(3). Although father's income declined from $211,263 to about $60,000 in a two-year period, the evidence in this case supports the trial court's conclusion that any "underemployment" attributable to father was not voluntary. The decrease in father's earnings was directly linked to the downturn in Harcourt's business. When viewed in the light most favorable to father, the evidence supports the conclusion that Harcourt's financial reversal was due to market forces beyond father's control and was not linked to any act or neglect on father's part. Cf. Brooks v. Rogers, 18 Va. App. 585, 593, 445 S.E.2d 725, 729 (1994); Floyd v. Floyd, 17 Va. App. 222, 231, 436 S.E.2d 457, 462-63 (1993).

IV.

STANDARD OF LIVING ESTABLISHED DURING THE MARRIAGE

We disagree with mother that the trial court failed to consider the standard of living established by the parties during the marriage. The standard of living established by the parties

6

during the marriage is a factor considered by a trial court when determining how much a spousal or child support obligation should be modified. See Stubblebine, 22 Va. App. at 710-11, 473 S.E.2d at 75-76; Conway v. Conway, 10 Va. App. 653, 658, 395 S.E.2d 464, 467 (1990); Code §§ 20-107.1(3), -108.1(B)(10). Although neither the written statement of facts nor the trial court's order expressly indicates that the trial court considered this factor when it determined the amount of the reduction in father's obligations, the trial court is presumed to have "properly applied the law." Reece, 22 Va. App. at 372, 470 S.E.2d at 151. Moreover, after considering the limited evidence in the record regarding the standard of living established by the parties prior to their divorce, we cannot say that the trial court's consideration of this factor in its overall analysis was erroneous.

V.

CONSIDERATION OF MOTHER'S ASSETS

Similarly, nothing in the record affirmatively indicates that the trial court improperly considered the assets obtained by mother from either inheritance or equitable distribution. Although mother argues that the trial court considered these assets "beyond the extent to which [they] produce income," the trial court's order indicates that it considered only the "passive income" produced by her assets. Based on the record before us, we cannot say that the trial court's consideration of

7

mother's assets was erroneous.

After considering the circumstances of this case, we deny both parties' requests for attorney fees and costs related to this appeal.

For the foregoing reasons, we affirm the order of the trial court.

<u>Affirmed</u>.