COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank

JOHN DEAN COLLINS

                                        MEMORANDUM OPINION*
v.    Record No. 1984-98-3                  PER CURIAM
                                          APRIL 27, 1999
TAMMIE LEIGH HURLEY COLLINS


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                   Robert P. Doherty, Jr., Judge

            (Barry M. Tatel; Neil E. McNally; Key &
            Tatel, P.C., on brief), for appellant.

            (Deborah Caldwell-Bono, on brief), for
            appellee.


     John Dean Collins (father) appeals the decision of the

circuit court denying his request to reduce the monthly child

support he pays to Tammie Leigh Hurley Collins (mother).  Father

contends that the trial court erred by (1) deviating from the

child support guidelines set forth in Code § 20-108.2; (2)

refusing to reduce the amount of child support after finding a

material change in circumstances had occurred; and (3) assessing

a child support arrearage.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

As the party seeking to modify the existing support order,

father was required to prove "both a material change in

circumstances and that such change justifies an alteration in

the amount of support." Yohay v. Ryan, 4 Va. App. 559, 566, 359

S.E.2d 320, 324 (1987).

> A material change in circumstances, standing
> alone, does not provide a basis for the
> trial court to modify its support decree. A
> modification is appropriate only after the
> court has considered the material change in
> circumstances in relation to the factors set
> forth in Code § 20-108, namely, the present
> circumstances of both parties and the
> benefit of the children.

Id.

### Deviation from Presumptive Guidelines

Father contends that the trial court erred by deviating

from the presumptive guideline amount set out in Code

§ 20-108.2. We disagree.

> [A]fter determining the presumptive amount
> of support according to the schedule, the
> trial court may adjust the amount based on
> the factors found in Code §§ 20-107.2 and
> 20-108.1. Deviations from the presumptive
> support obligation must be supported by
> written findings which state why the
> application of the guidelines in the
> particular case would be unjust or
> inappropriate. If the applicability of the
> factors is supported by the evidence and the
> trial judge has not otherwise abused his or
> her discretion, the deviation from the
> presumptive support obligation will be
> upheld on appeal.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894,

896 (1991).

The trial court calculated child support pursuant to the guidelines, then indicated, in writing, that it was deviating from the guideline amount. The trial court ruled that, based upon the evidence and the statutory factors, it would be unjust to reduce the amount of child support paid by father from the amount agreed upon by the parties in their post-separation agreement. The trial court stated: "With knowledge, imputed or actual, of the child support guidelines, the parties intentionally and voluntarily chose to ignore them. Instead, as parents, the parties determined that the particular needs of their child, based on the manner in which they chose to raise him, would require $125.00 per week be paid to the mother as child support." In this situation, we cannot say that in deviating from the guidelines the trial court abused its discretion.

## Material Change in Circumstances

Father also contends that the trial court erred when it found a material change of circumstances but refused to reduce the amount of child support. A party seeking to modify child support must not only prove a material change in circumstances but also that that change warrants a modification of support. See Yohay, 4 Va. App. at 21, 359 S.E.2d at 324. See also Layman v. Layman, 25 Va. App. 365, 367, 488 S.E.2d 658, 659 (1997). The trial court found that a material change in circumstances had occurred because both parties had increased their incomes,

but that the change did not warrant a reduction in father's child support payments.

Specifically, the court found "that the needs of the child have drastically altered since" entry of the final decree. However, the court agreed with mother that "she waived her spousal support in return for the agreed child support figure."

It is clear that the trial court considered the change in circumstances, the positions of the parties, and the reasons for their actions. We cannot say that its findings are without support in the record.

## Child Support Arrearage

The trial court ruled that father was $2,932.50, plus interest, in arrears on his child support payments. Father argues that, because he paid the presumptive amount of child support during the time when his petition for modification was pending before the juvenile and domestic relations district court, he should not be assessed an arrearage. This argument is without merit.

While a trial court may modify a support payment "from the date that notice of such [modification] petition has been given to the responding party," Code § 20-108, "[w]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992). A litigant may not unilaterally reduce

court-ordered child support payments. "Should circumstances change requiring alteration in the amount of support, a party's remedy is to apply to the court for relief." Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988).

Father had no authority to pay less child support from July 1997 through February 1998 than he was previously ordered to pay by the unmodified decree of divorce. Therefore, the trial court did not err in finding that father owed an arrearage of $2,932.50.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.