## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Jennifer L. Howell

v.

Wayne B. Howell

March 13, 2003

Case No. CH02-426

BY JUDGE WILLIAM H. LEDBETTER, JR.

The controversy in this child support appeal is whether income should be imputed to the father.

*Facts*

Mr. and Mrs. Howell were married in 1992. Two children were born of the marriage: Michelle, eleven, and Robert, ten. The parties separated in June 2001 amid accusations of Mr. Howell's infidelity and, even more serious, accusations that he had taken indecent liberties with Mrs. Howell's daughter by a previous marriage.

A month after the separation, Mrs. Howell petitioned the juvenile court for child support. At the time, Mr. Howell worked as a route driver for Automatic Rolls. He had been an employee there since 1994. His monthly gross income was $4,223.25.

Mr. Howell was arrested on the child molestation charges on October 1, 2001. The next day, his employment at Automatic Rolls was terminated.

The child support case was heard in juvenile court on November 26, 2001. The court did not impute income to Mr. Howell. Instead, it set his child support at $286.72 a month based on his earnings, $1,122.33 a month, from employment at a local trucking company. The case was continued.

Meanwhile, Mr. Howell was indicted and tried for child molestation. A jury acquitted him of all charges in February 2002.

On March 25, 2002, the juvenile court conducted another support hearing. That time, the court imputed income to Mr. Howell. His child support obligation was set at $827.11 a month, based on his last earnings at Automatic Rolls. That obligation was made retroactive to August 1, 2001.

Mr. Howell appealed. The case was heard in this court on March 7, 2003, and taken under advisement.

Between the time of the last juvenile court proceeding and the hearing on appeal in this court, Mr. Howell obtained new employment. In October 2002, he went to work as a loader for McLane, a food distribution company. That company has told him that it will not yet allow him to drive trucks because of a long-standing driving record. As a loader, he earns $2,025.00 a month.

Mrs. Howell works at Capital One. She earns $2,491.90 a month.

On the evidence presented, it is uncontradicted that Mr. Howell's monthly gross income is $2,025.00; Mrs. Howell's monthly gross income is $2,491.90; and Mrs. Howell has job-related child care expenses of $151.55 a month. She provides health care coverage for the children, but there is no additional cost to her for the insurance. Using these figures, Mr. Howell's presumptive child support amount under Virginia Code § 20-108.2 is $498.40.

The question, then, is whether additional income should be imputed to Mr. Howell.

### Decision

In determining the amount of support a parent owes for his dependent children, a court may consider not only actual income but earning capacity as well. *Taylor v. Taylor*, 203 Va. 1, 121 S.E.2d 753 (1961). A parent cannot choose purposefully to pursue a low-paying job that operates to the detriment of his family. In fact, a parent that reduces income even through a bona fide career change may have income imputed to him. See *Antonelli v. Antonelli*, 242 Va. 152, 409 S.E.2d 117 (1991). In sum, a parent cannot be voluntarily unemployed or underemployed without running the risk that income will be imputed. Virginia Code § 20-108.1(B)(3); *Butler v. Butler*, 217 Va. 195, 227 S.E.2d 688 (1976); *Blackburn v. Michael*, 30 Va. App. 95, 515 S.E.2d 780 (1999).

This case is not about voluntary unemployment or underemployment. Mr. Howell did not quit his job nor did he voluntarily change jobs to the financial detriment of his family. He was terminated.

As noted above, the termination occurred a day after Mr. Howell was arrested on the child molestation charges. Although his supervisor reported him as a "no-show" (Mr. Howell was in jail pending release on bond), there was evidence that Mr. Howell's brother called to explain his predicament. Mr. Howell's supervisor testified that the "no-show" on October 2, 2001, was just the last of a series of incidents. Earlier in 2001, Mr. Howell had been on probation because of customer complaints and a tardiness.

When a parent loses his job as a direct consequence of a wrongful act, he is not entitled to a reduction in child support based upon the diminution of income caused by the loss of employment. *Edwards v. Lowry*, 232 Va. 110, 348 S.E.2d 259 (1986). Further, a parent's incarceration may be found to constitute voluntary unemployment. *Layman v. Layman*, 25 Va. App. 365, 488 S.E.2d 658 (1997).

Here, the court is of the opinion that a major factor in Mr. Howell's job loss was his arrest on the child molestation charges, of which he was later acquitted. This cannot constitute a voluntary "wrongful act."

The party moving the court to impute income has the burden of proving that the other party is voluntarily foregoing more gainful employment, *Niemiec v. D.C.S.E.*, 27 Va. App. 446, 499 S.E.2d 576 (1998), or has diminished income as a direct consequence of a wrongful act or misconduct. *Edwards v. Lowry, supra.* In evaluating a request to impute income, the court must consider all factors relevant to the equities of the parties and the children. Virginia Code § 20-108.1(B); *Blackburn v. Michael, supra.*

The court is not persuaded that Mr. Howell's diminution of income is the direct consequence of a voluntary act by way of wrongdoing or purposeful misconduct. The material factor in his job loss was his arrest for child molestation, of which he was acquitted.

Considering all the statutory factors, the court is of the opinion that there should be no deviation from the presumptive guidelines.

Accordingly, Mr. Howell's child support obligation is $498.20 a month, retroactive to October 2002, when he secured his present employment. Mr. Brown will please prepare and circulate a final order, remanding the case to the juvenile court for future enforcement and modification.