COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Haley


WILLIAM WILLIAMSON

                                                                    MEMORANDUM OPINION*
v.        Record No. 2653-04-3                                          PER CURIAM
                                                                        MAY 24, 2005
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel.* AVRIL PILSON


                    FROM THE CIRCUIT COURT OF HENRY COUNTY
                            David V. Williams, Judge

            (William Williamson, *pro se*, on brief).

            No brief for appellee.


        William Williamson (father) appeals from a decision of the trial court denying his appeal

of an order entered on July 12, 2004 by the Henry County Juvenile and Domestic Relations

District Court (JDR court), and remanding the case to the JDR court, while ordering that its

disposition remain in full force and effect.  Father contends the JDR court abused its discretion

(1) in denying his Motion to Amend or Review the child support order entered in favor of Avril

Pilson (mother) based on the ground that father failed to state appropriate reasons for

modification; and (2) when it denied the Motion to Amend or Review the support order, thereby

allowing the Division of Child Support Enforcement (DCSE) to continue to illegally deduct

funds from father's Inmate Trust Account.  Upon reviewing the record and opening brief, we

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.[1]

On appeal, we view the evidence in the light most favorable to the party prevailing below, affording to the evidence all inferences reasonably deducible therefrom. <u>See</u> <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

On September 29, 1988, after a support and custody hearing, the JDR court, among other findings, ordered father to pay directly to mother child support in the amount of $60 per week for the benefit of their two minor children. The parties were not married.

The record contains an "Order/Notice to Withhold Income for Child Support" dated December 3, 2003, directed to Coffeewood Correctional Center, for current and past due child support payable by father to mother.

On April 5, 2004, father filed a Motion to Amend or Review Order with the JDR court. That motion indicated that father resided at Coffeewood Correctional Center, Mitchells, Virginia. Father requested that the September 29, 1988 child support order be changed, amended, and/or modified "[d]ue to my being incarcerated. I'm respectfully asking that the court will Review this case because of status change. I've been incarcerated since 1995 and my release date is 2013. I'm asking for Motion for Modification of Support Decree." Father stated the following reasons in support of his motion: "I'm not making the money that requires me to meet the demands of $60.00 plus $15.00 per week. My daughter is now 18 yrs. old 19 in two weeks." Father indicated that on December 24, 2003, he received a letter from DCSE advising him that he owed $37,972 in past due child support. Father further alleged that certain amounts had been unlawfully deducted from his inmate trust account for such support.

---

[1] In deciding this appeal, we did not consider any documents contained in the appendix filed by father that were not contained in the record on appeal.

A hearing in the JDR court was scheduled for July 12, 2004, on father's motion to amend or review the support order. A summons directed at father was served on Harris Diggs, Assistant Warden, at Coffeewood Correctional Center. Father moved for appointment of a guardian *ad litem* to represent his interests and entry of a transportation order for the July 12, 2004 hearing. The JDR court denied both motions.[2]

Mother and a DCSE representative appeared at the July 12, 2004 hearing. Father was not present.[3] The JDR court dismissed father's motion on the ground that he failed to state an appropriate reason for modification because he "is incarcerated due to his own fault = i.e. – criminal conviction."

Father appealed the JDR court's July 12, 2004 decision to the trial court, alleging the JDR court "abused its discretion in denying the motion to amend or review support order; and abused its discretion in allowing [DCSE] to continue to illegally deduct funds from [father's] Inmate Trust Fund."

By order entered September 30, 2004, the trial court "for good cause shown" denied father's appeal of the JDR court's decision, remanded the matter to the JDR court, and ordered that the JDR court's disposition remain in full force and effect. Father appealed that order to this Court.

---

[2] Father did not object to the JDR court's denial of those motions before the JDR court or the trial court. In addition, he did not raise any argument before either court that the JDR court abused its discretion and deprived him of a full and fair hearing in violation of due process of law under the Fourteenth Amendment to the United States Constitution. Accordingly, we will not consider those arguments for the first time on appeal. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

[3] The record contains no transcript or written statement of the July 12, 2004 proceeding. However, because we have determined that a transcript or written statement of that proceeding is not indispensable to the issue raised by father on appeal, we do not dismiss this appeal.

"Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994).

> "Once a child support award has been entered, only a showing of a material change in circumstances will justify modification of the support award. The moving party has the burden of proving a material change by a preponderance of the evidence." "[A] party seeking a reduction in support payments has additional burdens: 'He must make a full and clear disclosure relating to his ability to pay. *He must also show that his lack of ability to pay is not due to his own voluntary act* or because of his neglect.'" Thus, in order to prove a material change in circumstances that justifies a reduction in support, a parent "must establish that he is not 'voluntarily unemployed or voluntarily under employed.'"

Hatloy v. Hatloy, 41 Va. App. 667, 672, 588 S.E.2d 389, 391 (2003) (citations omitted). "[A] parent's incarceration may be found to constitute voluntary unemployment under Code § 20-108.1(B)(3), and, consequently, it may preclude a reduction of a support obligation based on a loss of income resulting from that incarceration." Layman v. Layman, 25 Va. App. 365, 368, 488 S.E.2d 658, 659 (1997).

Here, although the evidence showed a material change occurred in father's financial circumstances due to his incarceration since entry of the 1988 support order, the evidence failed to show that father's inability to pay child support was "not due to his own voluntary act" in committing a crime, which resulted in his incarceration. See id. Accordingly, the trial court did not abuse its discretion in denying father's appeal of the JDR court's decision, and we cannot say as a matter of law that its decision finding father's incarceration did not entitle him to a reduction in support was plainly wrong or without evidence to support it.

For these reasons, we summarily affirm the trial court's decision.

Affirmed.