UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey,* Beales and Senior Judge Clements

MARK LOWE

MEMORANDUM OPINION**
v.      Record No. 0834-14-2              PER CURIAM
                                       FEBRUARY 10, 2015
COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT,
  *ex rel.* PONNETTE R. SMITH


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge.


MARK LOWE

v.      Record No. 1298-14-2

COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT,
  *ex rel.* PONNETTE R. SMITH


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge.


(Mark Lowe, *pro se*, on brief).

No brief for appellee.


Mark Lowe appeals orders regarding his motion to amend child support. Lowe argues that

the trial court erred by (1) discharging his counsel and allowing him to represent himself in court;

---

* Justice Kelsey participated in the decision of this case prior to his investiture as a Justice
of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2) denying his request for counsel prior to the circuit court trial; (3) "dismissing the Petition in Summary prior to hearing the merits of the case;" (4) violating his due process rights to call and confront witnesses; (5) failing to set aside the final order; and (6) failing to recognize that the registrations of the foreign support orders were "correct[,] . . . valid, accurate, complete and/or enforceable." Upon reviewing the record and amended opening brief, we conclude that the appeal in Record No. 1298-14-2 is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27. Furthermore, we conclude the appeal in Record No. 0834-14-2 is moot and, therefore, is dismissed.

## BACKGROUND

Lowe and Ponnette Smith have one child. On October 20, 2006, a Maryland court entered an order that established Lowe's child support at $1,074 per month, effective October 1, 2006.[1] On October 15, 2008, the Chesterfield County Juvenile and Domestic Relations District Court (the JDR court) confirmed the registration of the Maryland order for enforcement. On April 15, 2011, the JDR court confirmed the registration of the Maryland order for modification.

On July 18, 2012, Lowe filed a motion to amend his child support obligation. In his motion, he requested a modification because "Mark Lowe is in Jail and does not have an income. The estate does not have a profitable income. Mark Lowe should pay no child support while in Jail." While the case was pending in the JDR court, a guardian *ad litem* was appointed for Lowe. On October 30, 2013, the JDR court denied the motion to amend child support and released Lowe's guardian *ad litem*.[2]

---

[1] In December 2006, the Maryland court entered additional orders directing where child support payments should be sent.

[2] Lowe requested the removal of his guardian *ad litem*.

Lowe appealed to the circuit court. He requested the appointment of a guardian *ad litem*, which the circuit court denied on January 6, 2014. On April 10, 2014, the circuit court heard the matter. Lowe noted his objections to the January 6, 2014 order denying his request for a guardian *ad litem*. He then requested a continuance, which was denied. The Division of Child Support Enforcement (DCSE) argued that the motion to amend should be dismissed for lack of jurisdiction. At the time, the April 15, 2011 JDR court order could not be located. DCSE asserted that Lowe did not comply with the registration and confirmation requirements of Code § 20-88.74. Lowe argued that the JDR court order had been removed from the court's file. The circuit court granted DCSE's motion and dismissed the appeal for lack of jurisdiction. On April 15, 2014, the circuit court entered an order memorializing its ruling. Lowe appealed this ruling.[3]

Subsequently, DCSE filed a motion to set aside the April 15, 2014 order. DCSE stated that it discovered the April 15, 2011 JDR court order which confirmed and registered the Maryland order for modification purposes. DCSE asked the circuit court to reopen the matter pursuant to Code § 8.01-428(B), vacate the April 15, 2014 order, and rehear Lowe's motion to amend. DCSE noted that although Lowe had filed the notice of appeal, this Court had not docketed the matter.[4] On June 2, 2014, the circuit court entered an order granting DCSE's motion to set aside the judgment and vacating the April 15, 2014 order.

On June 24, 2014, the parties appeared before the circuit court on Lowe's motion to amend. Lowe objected to the June 2, 2014 order and moved to dismiss the matter because he appealed the April 15, 2014 order to this Court. He argued that the circuit court no longer had jurisdiction to hear the matter. The circuit court denied Lowe's motion to dismiss and found that

_____

[3] The April 15, 2014 order is the subject of the appeal in Record No. 0834-14-2.

[4] See Code § 8.01-428(B); Lamb v. Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981) ("An appeal is docketed upon receipt of the petition for appeal in the Clerk's Office of our Court.") (interpreting Supreme Court of Virginia procedural rules).

its jurisdiction was proper. The circuit court then heard Lowe's argument that he was unemployed and could not pay the child support.[5] DCSE moved to dismiss the motion to amend because Lowe did not meet his burden to prove that his inability to pay was not due to his voluntary actions. Lowe admitted that he was incarcerated for felony convictions. The circuit court granted DCSE's motion to dismiss and held that Lowe's child support obligation remained at $1,074 per month. The circuit court entered an order memorializing its ruling on July 2, 2014. Lowe subsequently filed a motion to set aside the verdict, which the circuit court denied. This appeal followed.[6]

## ANALYSIS

### Record No. 0834-14-2

Lowe appealed the April 15, 2014 order; however, the circuit court vacated the order on June 2, 2014. See Code § 8.01-428(B) (court has the authority to correct clerical mistakes). Consequently, the appeal is moot and dismissed. "'The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Hamer v. Commonwealth, 107 Va. 636, 637-38, 59 S.E. 400, 400 (1907)). See also Daily Press, Inc. v. Commonwealth, 285 Va. 447, 452, 739 S.E.2d 636, 639 (2013) ("a case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist).

---

[5] Lowe tried to argue that he was unemployed prior to his motion to amend, but the circuit court limited Lowe's argument to the allegations in his motion to amend.

[6] The July 2, 2014 order is the subject of the appeal in Record No. 1298-14-2.

- 4 -

*Assignments of error 1 and 2*

Lowe argues that the circuit court erred by failing to appoint a guardian *ad litem* and forcing him to represent himself. He asserts that he had a right to counsel "[p]ursuant to the 6th amendment of the United States Constitution and Article I subsection 8 of the Virginia Constitution."

The circuit court did not err in denying appellant's request. A person under a disability, including a convicted felon who is incarcerated, shall be appointed a guardian *ad litem* when he is a "party defendant." Code § 8.01-9(A). Lowe is not a "party defendant" in this case, as Lowe filed the action in court, moving to amend his child support obligation. Code § 8.01-9 "is not concerned with the capacity of a person under a disability to sue but with the protection of such person when named as a defendant in a lawsuit." Cook v. Radford Comty. Hosp., Inc., 260 Va. 443, 449, 536 S.E.2d 906, 909 (2000). "The filing of a lawsuit is an affirmative act on the part of a plaintiff and does not carry with it the need for the type of court-initiated protection which may exist when a person with a disability is required to defend himself in litigation that he did not instigate . . . ." Id.

*Assignments of error 3 and 5*

Lowe argues that the circuit court erred in dismissing his motion to amend prior to hearing the merits of the case and denying his motion to set aside the verdict. Assuming without deciding that Lowe complied with Rule 5A:20(e), the circuit court did not err.

Lowe admitted that he was incarcerated for felony convictions. In his motion to amend, Lowe stated that he was in jail and had no income and, as a result, was unable to meet his child support obligation.

"In order to invoke the court's continuing jurisdiction to modify its decree, the party seeking a change has the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree." Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986) (citing Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975)). The party seeking to modify his support obligation "'must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect.'" Id. at 112-13, 216 S.E.2d at 261 (quoting Hammers, 216 Va. at 31-32, 216 S.E.2d at 21).

"[A] parent's incarceration may be found to constitute voluntary unemployment under Code § 20-108.1(B)(3), and, consequently, it may preclude a reduction of a support obligation based on a loss of income resulting from that incarceration." Layman v. Layman, 25 Va. App. 365, 368, 488 S.E.2d 658, 659 (1997).

The circuit court did not err in finding that Lowe failed to meet his burden of proving that his inability to pay is not a result of his own voluntary act. See Hammers, 216 Va. at 31-32, 216 S.E.2d at 21; Layman, 25 Va. App. at 368, 488 S.E.2d at 659.

*Assignment of error 4*

Lowe argues that the circuit court violated his due process rights by preventing him from calling witnesses and confronting witnesses. Lowe raises this issue for the first time on appeal. This Court "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18.

*Assignment of error 6*

Lowe argues that the registrations of the foreign support orders were "correct[,] . . . valid, accurate, complete and/or enforceable." As noted above, the circuit court vacated its April 15, 2014 order and held that the JDR court had registered and confirmed the Maryland support order for enforcement and modification purposes. Therefore, this issue is moot. "'[C]ourts are not

constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative.'" <u>Commonwealth v. Harley</u>, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (quoting <u>City of Fairfax v. Shanklin</u>, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964)).

CONCLUSION

For the foregoing reasons, the trial court's ruling in Record No. 1298-14-2 is summarily affirmed. Rule 5A:27.

<u>Record No. 0834-14-2, Dismissed.</u><br>
<u>Record No. 1298-14-2, Affirmed.</u>