Bures, J.,
delivered the opinion of the court.
This is an appeal from a decree of the circuit court •of the county of Charlotte, pronounced on the 1st day of April 1871, in a suit brought in the name of the appellant, a person of unsound mind, by his next friend and committee, against the appellee, as administrator of Walter W. Cole, deceased, the former committee of the appellant.
The only object of the suit was to hold the estate of the said Walter W. Cole to account for the sum of $1,000, alleged by the administrator to have been invested by his intestate for the appellant in a bond of the Confederate States, under an order of the judge of said court made in vacation on the 8th day of March 1864, upon an ex parte petition of the said 'Walter W. Cole, under the act of the general assem *367 bly passed March 5th, 1863, entitled “an act authorizing fiduciaries to invest funds in their hands in cer tain eases, and for other purposes.” Acts of 1862-’63, Ch. 46, P. 81.
A commissioner of the court was ordered to take •an account of the transactions of the said Walter W. Cole as committee, “showing what estate of Meriwether Cole (the lunatic) went into the hands of said committee, and his disposition of the same, and particularly when and from what source, and in what kind ■of funds the sum of $1,000 was received,” alleged to have been invested as aforesaid.
The account was taken as ordered, and by the re-' port of the commissioner, and the evidence in the cause, it appears that the said Walter W. Cole qualified as committee of the appellant in the year '1854. He made-two ex parte settlements of his accounts, one in the year 1858, and the other in the year 1863. By the first of these, it appears that the only estate of the lunatic, that ever came to the hands of the committee, was the sum of $1,952.41, received June 1st, 1854; •and the balance found against him on the first settlement, to wit: $1,761.72, as of the 1st day of November 1858, was carried into the account stated in the •second settlement, which last named account as stated showed a balance against him of $1,394.71, as of the 1st day of November 1863.
This last named balance therefore, of $1,394.71, was payable in specie or its equivalent. It had never been invested, so far as appears, and it was therefore a specie ■debt, owing by the committee to the estate he represented.
The petition, on which the order of the 8th of March 1864 wa3 made, does not appear in the record. A copy of the order, however, is filed, in which the peti *368 tion is merely referred to, not recited, and the petitioner by that order was authorized to invest in his name as committee $1,000 in interest-bearing bonds of the Confederate States, or State of Virginia, “ to be held by him according to law.”
It does not appear that the investment as ordered was ever completed. The certificate of a depositary of the Confederate States, dated 11th March 1864, is. filed, showing that the sum of $1,000 was paid into the office of the depositary on that day by the said Walter W. Cole, which entitled him to registered bonds of the Confederate States, bearing four per centum, per annum interest from that date. But no such registered bonds were filed, nor does it appear that any such were ever issued in pursuance of the certificate.
Wé have then the naked case of a fiduciary owing a specie debt to the estate he represented, attempting to discharge that debt by substituting therefor an incomplete investment in four per cent. Confederate bonds of his own Confederate notes, depreciated to such an extent as to be of comparatively little value.
■ The circuit court of Charlotte allowed the amount of this pretended investment as a credit to the estate of the committee in the settlement of his accounts,, and this is the only assignment of error relied on by the appellant here.
If this had been the first case in this court in which the validity of such an investment as was made by this committee was questioned, we should have had no difficulty in holding that it was of no force. But the invalidity of such investments has been already settled by repeated decisions of this court. Campbell’s ex’ors v. Campbell’s ex’or, 22 Gratt. 649; Crickard’s ex’or v. Crickard’s legatees, 25 Gratt. 410; Kirby v. Goodykoontz & als., 26 Gratt. 298.
*369 It is insisted however by the counsel for the appellee, that the error complained of by the appellant cannot be corrected on this appeal, because the appellant did not except to the commissioner’s report in the circuit court. The facts were shown by the report and the evidence in the cause. The commissioner did not undertake to pass upon the validity of the investment, but that being a question of law, arising upon the facts stated, he expressly referred it, as he had the right to do, to the court for decision; and for the convenience of the court, in applying the law, he made alternate statements of the accounts, in one of which the committee was credited with the amount of the investment claimed, and in the other no such credit was allowed. This was the only difference in the two accounts as stated. In such case no exception by either party in regard to the investment was necessary. The alternate statements, in respect of the credit for the investments allowed in the one, and disallowed in the other, was to that extent, and no further, conflicting, and so far each operated as an exception to the other; and in deciding the question of law, submitted by the commissioner, the court must of necessity have adopted one statement and rejected the other.
It was further argued by the counsel for the appellee, that the evidence in the record does not show that the appellee’s intestate was at all indebted as committee to the appellant; that the ex parte settlements appear on their face to have been of accounts of the said intestate as trustee of the appellant, and that'the balance carried by the commissioner into the account stated by him of the transactions of the said intestate as committee, was a balance which appeared to be owing by said intestate as “trustee” and not as “eommit *370 tee.” ¥e think it does sufficiently appear, looking to the whole record, that this balance was owing by the appellee’s intestate as “ committee,” and although in these ex parte settlements the appellee was styled “trustee” by the commissioner who stated the accounts, yet the settlements were really of transactions as committee. However that may be, whether the appellee’s intestate was ever at any time a trustee for the appellant, and whether the transactions embraced in the ex parte settlements were transactions of such trustee, or whether they were really transactions as committee, were matters which might be affected by extraneous testimony, and'when the commissioner by his report treated them as transactions of said intestate' in his character of committee, the appellee, if he intended to make any objection on that account, should have excepted to the report. Ho such exception was filed in the circuit court, and the objection now made here, and made for the first time in the cause, comes too late. 2 Rob. Prac. (old ed.) 383; Peters v. Neville’s trustees & als., 26 Gratt. 549.
If the objection now made here had been made in the circuit court, both parties would have had an opportunity of taking proof touching the matters presented by the exception, and, no doubt, the truth, either one way or the other, if it did not already sufficiently appear, could have been readily established.
It was further objected by the appellee’s counsel in argument, that upon the authority of Bird’s committee v. Bird, 21 Gratt. 712, the suit in this ease could only be maintained by the committee of the appellant, and that the bill of the complainant should have been dismissed.
The bill is in the name of “ Meriwether W. Cole, who being a person of unsound mind, áhes by his next *371 friend and committee, Paul Y. Adams,” &c. This would seem to be substantially a suit by the committee in the name of the lunatic. It was so treated by the judge ■of the circuit court—for in the decree complained of, he ordered the committee to settle his accounts as such. The objection is certainly of the most technical ■character, and if there was any defect in the form of the bill, the objection should have been made in the circuit court, where, by amendment, the error, if any, ■might have been corrected. Bird’s committee v. Bird, supra.
It appears that the appellee, as administrator of Walter W.Cole, turned over to the present committee of the lunatic a bond of James R. Real and A. R. Real, for about the sum of $498, with interest from some day in the year 1858, payable to the said Walter W. Cole, as “trustee or committee,” upon which bond suit was instituted and á judgment recovered. What amount, if any, has been realized on the judgment, whether the obligors are solvent, or whether if insolvent they were insolvent when the bond was executed, does not ■appear. So it is, the administrator of Walter W. Cole received no credit for it, or any part of it, in the account settled by the commissioner, and the judge of the circuit court therefore properly ordered an inquiry as to this judgment, with a view of giving credit to the appellee for whatever amount it might be ascertained on the inquiry he was entitled tó.
We are of opinion that the decree complained of is erroneous, except such part thereof as directs the inquiry aforesaid; and, with this exception, the decree must be reversed and the cause remanded to the circuit court of the county of Charlotte for further proceedings to be had therein in conformity with the principles herein declared.
*372 The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing, and filed with the record, that the said circuit court of the county of Charlotte erred in the decree aforesaid in sanctioning the investment of' $1,000 therein mentioned, and in confirming the report of commissioner J. W. Marshall, so far as said report ascertained the balance due from the appellee’sintestate to the appellant to be $894.79, as of the 1st day of November 1865; and the said circuit court further erred in said decree in not wholly rejecting the statement of the account returned by said commissioner with his said report, in which the said sum of' $1,000 was credited to the appellee’s intestate, and in not approving and adopting the other statement of the account filed by said commissioner with his said report, in which the said sum of $1,000 was not credited to the said intestate, and by which the balance, owing by the said intestate to the appellant, is shown to be $1,394.79, as of the said 1st day of November 1865; and while the said court did not err in directing the inquiry into the debt owing by James Neal and A. R. Neal, yet when the true value of said debt shall be ascertained, it should be deducted from the said sum of $1,394.79, and the remainder will be the sum which should be decreed to be paid with interest to the committee and next friend of the appellant by the appellee out of the estate of his intestate. It is therefore decreed and ordered, that the said decree of the circuit court of the county of Charlotte, so far as it is herein-before declared to be erroneous, be reversed and an *373 nulled, and that the same be affirmed in all other respects; and that the appellee out of the estate of his intestate, in his hands to be administered, pay to Paul "V. Adams, the next friend and committee of the appellant, the costs of the appellant by him expended in the prosecution of his said appeal here. And this cause is remanded to the said circuit court of the county of Charlotte for further proceedings to be had therein in conformity with the opinion and principles herein declared, which is ordered to he certified to the ■said circuit court of the county of Charlotte.
.Decree reversed.