BURKS, J.,
delivered the opinion of the court.
The objection under the first assignment of error by appellant, vjho was defendant in the court below, that the complainant’s only remedy for the grievances set out in the bill was in a common law forum, is not well founded.
The bill was filed to have a discovery, account and settlement of the transactions of the defendant as general agent for several ysars. It is not the case of *a single money demand, which might conveniently and should be enforced in a court of law, nor of mutual demands merely. of which equity would take cognizance (2 Rob. Prac., Old Edn. 4), but it is a case involving a trust, where the fiduciary character of the employment imposed upon the person employed the duty of keeping accounts and preserving vouchers. It is well settled that equity has jurisdiction in such a case. Zetelle v. Myers, 19 Gratt. 62; Coffman v. Sangston, 21 Gratt. 263; Thornton v. Thornton, 31 Gratt. 212.
The account sought by the bill was taken and stated by a commissioner under the order of the court. His report was confirmed, and the decree complained of was based on that report. Objections to the decree for alleged errors in the report, not appearing on the face of it, to avail in this court, must be founded on exceptions to the report taken in the court below.
There are no errors on the face of the report, and no exceptions to it were taken below. Reports not excepted to cannot be impeached before an appellate tribunal in relation to matters which may be affected by extraneous testimony. A different rule would lead in practice to surprise of parties litigant, and often result in great mischief and injustice. 2 Rob. Prac. (Old Edn.), 383 and cases there cited; Peters v. Neville’s Trustee, 26 Gratt. 549; Cole’s Committee v. Cole’s Adm’r, 28 Gratt. 365, 370.
It is contended, however, for the appellant, that his answer to the bill operated an exception to the report which had been previously filed. Certainly it is not the proper function of an answer to draw in question and test the correctness of a commissioner’s report made in the progress of the cause. If it be admissible in any case to incorporate exceptions to such report in the answer, they must at least have all the requisites of such exceptions taken and filed in the usual way.
^Exceptions to a master’s report are said to be in the nature of special de-
murrers, and the party objecting must point out the error, otherwise the part not excepted to will be taken to be admitted. 2 Dan. Chanc. Prac. (4th American Edn.), 1316, note 4 and cases there cited. In all cases where exceptions are necessary at all, they should specify with reasonable certainty the particular grounds of objection relied on, so as to enable the opposing party to see clearly what he has to meet, and the court what it has to decide. Crockett v. Sexton, 29 Gratt. 46.
Appellant’s answer is directed only to the bill. Some of the allegations it admits in whole or in part; some it denies; while others are left unnoticed and unanswered. It presents no objections to the commissioner’s report — makes no complaint of it — specifies no errors. It does not even allude to it, directly or indirectly. So far as appears, neither the court, the parties opposite, nor their counsel, were given to understand that it was intended or considered as an exception to the report. Hencetherecitalinthe'decree, that there were “no exceptions.” For an appellate court to treat such an answer as an exception would be giving license to parties to set traps for their unwary adversaries.
*500 It is needless, therefore, to inquire in this case whether the answer to the bill was responsive or not, or how far and in what respects it was responsive, or whether the evidence was sufficient to sustain the commissioner’s report, as it is manifest from a mere glance at the record that the conclusions reached by the commissioner might have been varied by extrinsic proof, which might have been adduced if exceptions had been filed.
It is also contended for the appellant that it was error in the court to confirm the commissioner’s report *before deciding the issue made on what is called the plea of non est factum. It was certainly error to allow any such plea to be. filed. When the defendant filed his answer, if the complainant deemed it sufficient, he should have taken issue upon it by general replication; or, if he chose to incur the hazard of so doing, he might have had the cause set for hearing on the bill and answer without replication; or, if there was new matter in the answer making it proper, he might have filed .a supplemental bill. Onacranother.ofthesemethods he was bound to pursue. He had no right to file a plea to the answer. A plea (in a technical sense) of the complainant to defendant’s answer is an anomaly in the equity practice. If he had filed a general replication, it would have been a general denial of the truth of the defendant’s answer, and of the sufficiency of the matter alleged in it to bar the complainant’s suit, and an assertion of the truth and sufficiency of the bill. Story’s Eq. Plead., § 878. Under such replication alone, it would have devolved upon the defendant to prove the execution of the bonds filed with his answer and relied on as set-offs, but for the statute, Code of 1873,. chap. 167, § 39, which provides that “where a bill, declaration, or other pleading alleges that any person made, endorsed, assigned, or accepted any writing, no proof of the handwriting of such person shall be required, unless the fact be denied by an affidavit with the answer, plea, or other pleading which puts it in issue.”
The effect of this statute was to relieve the defendant in this case from proving the execution of the bonds referred to, unless the replication was attended with the affidavit provided by the statute.
Unless therefore the complainant intended to admit the execution of the bonds, it behooved him to put in the replication (if not dispensed with by subsequentproceed-ings) -with .the affidavit required. No formal replication was filed, but the failure to file it will be regarded in this court as immaterial, the defendant having proceeded to take depositions as if there had been a replication. Code of 1873, ch. 177, § 4. See Cocke v. Minor, 35 Gratt. 346. When therefore the paper, called a “plea,” was tendered, it might and should have been received and treated as an affidavit merely (for it was sworn to) and not as a olea. It seems, however, the defendant took issue upon it as a plea; both parties took evidence touching the matters involved, and the. court determined the question in issue. This was an irregular proceeding; but if the appellant was not prejudiced by it, he cannot successfully complain of the irregularity. The statute last cited (Code of 1873, ch. 177, § 4), expressly provides that a decree shall not be “reversed at the instance of a party who has taken depositions, for an informality in the proceedings, when it appears that there was a full and fair hearing upon the merits, and that substantial justice has been done.” We are of opinion, that the appellant was not prejudiced, either by the confirmation of the report, reserving the issue as to the bond (no exceptions having at any time been filed to the report), or by the mode in which the execution of the bond was put in issue. Treating the “plea” as an affidavit, the mode of determining the matter in dispute would have been the same in substance as that pursued, namely, the decision of the matter by the court on depositions taken on both sides.
The onus was on the appellant to prove the execution of the bond. If he established it satisfactorily, he was entitled to the benefit of the fact so established notwithstanding the confirmation of the report, as the question as to the bond was left open by the decree confirming the If he failed in his proof, there *was no error to his prejudice in confirming the report to which he never accepted. The circuit court was of opinion, that he did so fail; and we are disposed to concur in that opinion. At all events, we cannot say from the record, that he erred in his judgment, and as the question decided was one of fact, we cannot overrule the decision unless we were convinced, as we are not, that substantial error was committed.
Objection was made in argument, to the competency as witnesses of William T. Lester, R. M. Simmons, and Montague Simmons, whose depositions were taken on behalf of the complainant. Two of these witnesses testified, after the confirmation of the report, touching the question reserved as to the execution of the bond.
It would seem to be a sufficient answer to this objection, that it does not appear that it was first made in the court below. Notwithstanding some expressions in decided cases, which seem to concede that objections to the testimony of a witness on the ground of his incompetency may be properly made in this court although not made, or considered, or passed upon in the court below, we are of opinion, that such objections, unless, first made in the court below, cannot be relied on here, for the reason that, if allowed, parties might be taken by surprise. If made in the court of original jurisdiction: First. The incompetency might in some cases be removed by release or otherwise; Second. If not removed and the witness be excluded, the loss of his testimony might perhaps be supplied by other evidence.* See what was *501 said by Judge *Moncure in Fant v. Miller & Mayhew, 17 Gratt. 187. Also Beverly v. Brook & als., 3 Leigh 435; Hord’s adm’r v. Colbert & als., 28 Gratt. 49, 54, 55, 56; Statham & als. v. Ferguson’s adm’r & als., 25 Gratt. 28, 38.
But even if the objection had been made in the circuit court, it would have been without effect. The witnesses, although they may have had an interest in the result of the suit, were not parties to the contract or transaction which was the subject of investigation. Disqualification on account of interest is removed by the statute, and if the interested witness was not a party to the contract or other transaction which is the subject of investigation, his interest merely does not disqualify .him, though one of the original parties to the contract or transaction, the subject of investigation, be dead, insane, or incompetent to testify by reason of infamy, or any other legal cause, and for that reason the other party is rendered incompetent to testify. Code of 1873, ch. 173, §§ 31, 33. The contract or transaction, the subject of investigation in this case, was wholly between the appellant and the complainant’s intestate. It is not pretended, that either of the witnesses was a party to such a contract or transaction.
The correctness of the above construction of the statute, if not directly and expressly determined in any previous case, is a necessary deduction from the construction given to the same statute in the numerous decisions of this court heretofore made, many of which are reported. Martz’s ex’ors v. Martz’s heirs, 35 Qratt. 361, is very nearly, if not quite, a case in point.
The refusal of the court to permit the appellant to file a second answer to the bill was not assigned as error either in the petition for appeal or in the oral argument al bar. It is plain, that there was no error in such refusal, and it is therefore deemed unnecessary to notice it further.
*For the reasons stated, we are of opinion, that there is no error, to the prejudice of the appellant, in the decree appealed from, and that it should be affirmed.
Decree affirmed.

Note by the JubGE. — A decision of this court to the same effect was rendered several years ago, as I am informed by Judge Staples, who delivered the opinion, which was not reported (though a report *501 was ordered), the manuscript -having been lost or mislaid by some means or other.
Since the above was written, I have seen the case of Baxter v. Moore, 5 Leigh 219, in which the decision was the same way on the very point now raised in argument here.