# CIRCUIT COURT OF THE CITY OF RICHMOND

Terri L. Jarrell,
Incapacitated, etc.

v.

Chippenham and
Johnston-Willis Hospitals, Inc.,
d/b/a CJW Medical Center, et al.

May 5, 2004

Case No. LR-2326-4

BY JUDGE RANDALL G. JOHNSON

This action is before the court on identical pleas in bar and motions to dismiss filed by defendants Chippenham & Johnston-Willis Hospitals, Inc., Richard E. Curtis, Jr., M.D., and Tucker Psychiatric Clinic, Inc.[1] At issue is whether the appropriate person is named as the plaintiff.

For the purposes of the pleas and motions, the facts are not in dispute. On October 6, 2003, the present action was filed under the style of "Terri L. Jarrell, Incapacitated, by and through her Guardian and Conservator of her Estate, Patricia C. Jarrell, Plaintiff v. [the four named defendants]." The motion for judgment alleges that on October 8, 2001, while Terri L. Jarrell was a patient at Tucker Psychiatric Clinic, she was raped by another patient and that such rape occurred because of the negligence of the defendants. The motion for judgment also alleges that Terri L. Jarrell is an incapacitated person and that her mother, Patricia C. Jarrell, qualified as her guardian and conservator on February 19, 2002. Citing Va. Code § 37.1-141 and *Cook v. Radford Community Hospital*, 260 Va. 443, 536 S.E.2d 906 (2000),

---

[1] A fourth defendant, HCA, Inc., is also named in the motion for judgment. There is currently pending a motion to nonsuit that defendant, however, and the court anticipates receiving a fully endorsed order allowing the nonsuit shortly.

defendants argue that the suit is fatally defective because it should be captioned "Patricia C. Jarrell, Guardian and Conservator, on behalf of Terri L. Jarrell, Incapacitated, Plaintiff, v. [the four named defendants];" that is, that instead of being brought by the incapacitated person *by and through* her fiduciary, it should have been brought by the fiduciary *for* or *on behalf of* the incapacitated person. While the court feels compelled to agree that the caption is technically wrong, the court holds that the error is not fatal and can be cured by amendment. Accordingly, the pleas in bar and motions to dismiss will be overruled and denied.

Chapter 4 of Title 37.1 of the Virginia Code deals with the appointment of guardians and conservators for incapacitated persons. Virginia Code § 37.1-141 provides:

> All actions or suits to which the ward is a party at the time of qualification of the fiduciary and all such actions or suits subsequently instituted shall, subject to any conditions or limitations set forth in the order appointing him, be prosecuted or defended, as the case may be, by the fiduciary, after ten days' notice of the pendency thereof, which notice shall be given by the clerk of the court in which the same are pending.

In *Cook v. Radford Community Hospital*, the Supreme Court held that the above section required dismissal of an action that was brought in the name of an incapacitated person. Significantly, however, that action was not brought by the incapacitated person by and through her fiduciary. It was brought only by the incapacitated person. Indeed, the motion for judgment in that case, a copy of which is attached to plaintiff's brief in opposition to the pending pleas and motions, is captioned "Alta R. Cook, 61 Aldrine St. (P.O. Box 1438), Dublin, Virginia v. [the named defendants]." The fiduciary's name does not appear at all. In affirming the lower court's dismissal of the action, without leave to amend, the Supreme Court said:

> [W]e conclude that if a fiduciary has been appointed for a ward, Code § 37.1-141 requires that the fiduciary prosecute any suit to which the ward is a party. In the absence of an exception, the ward does not have standing to sue in his or her own name.

260 Va. at 451.

Contrary to defendants' suggestion, the Court did not hold that a caption that includes the fiduciary, such as the one at issue here, is invalid. In fact, in

what appears to be perfect anticipation of the present defendants' arguments, the Court cited the early case of *Cole's Committee v. Cole's Adm'r*, 69 Va. (28 Gratt.) 365 (1877), as one of the cases illustrating Virginia's long history of requiring incapacitated persons to sue by fiduciaries. That case unequivocally shows that the present action can proceed. In *Cole's Committee*, a proceeding instituted in the name of a person of unsound mind was challenged on precisely the same ground as the challenge now at hand. Specifically, the suit was captioned "Meriwether W. Cole, who being a person of unsound mind, sues by his next friend and *committee*, Paul V. Adams, [etc.]." *Id.* at 370-71 (emphasis in original). As the Court in *Cook* observed:

> [T]his Court allowed the action to proceed, finding that the action was "substantially a suit by the committee" because it was styled in the name of the person of unsound mind, suing "by his next friend and *committee*."

260 Va. at 447 (emphasis in original).

In fact, it is a passage in *Cole's Committee* that leads this court to conclude not only that the present action is improperly styled, but also that it can be corrected by amendment. In allowing Cole's suit to proceed, the Court noted:

> The objection is certainly of the most technical in character, and if there was any defect in the form of the bill, the objection should have been made in the circuit court, where, by amendment, the error, if any, might have been corrected.

69 Va. (28 Gratt.) at 371. *See also Counts v. Counts*, 161 Va. 768, 776, 172 S.E. 248 (1934).

While this court is not absolutely convinced that the style of the present action is wrong at all - the Supreme Court's reference to "the error, if any" being far from decisive - the court does not know why the Supreme Court would have raised the possibility of a "defect in the form of the bill" unless it was suggesting that the correct practice, or at least the better practice, is to style such actions: "John Doe, Fiduciary, who sues for and on behalf of Jane Roe, Incapacitated." In any event, even if this court is wrong and the present style of the pending action is correct, plaintiff will not be prejudiced by filing an amendment, which *Cole's Committee* clearly allows, since

defendants cannot·complain that the suit will now be styled in the manner they prefer. On the other hand, if this court were to hold that the present style is not wrong, when in fact it is, or plaintiff fails to amend after being given a *Cole's Committee* type opportunity to amend, plaintiff risks losing on appeal whatever verdict she obtains. The court will require an amendment, which it will put in place as part of the order accompanying this opinion.

In making this ruling, the court is aware of the recent case of *Herndon v. St. Mary's Hospital*, 266 Va. 472, 587 S.E.2d 567 (2003), which involves the proper style of cases involving minors as plaintiffs and which is the subject of post-hearing letters from counsel in the case at bar. That case has no bearing on the issue before this court for at least three reasons. First, that case involves the interpretation of a specific statute, Va. Code § 8.01-8, not suits by incapacitated persons generally. Second, that case does not even mention, much less overrule, any of the cases cited above dealing with incapacitated adults. And third, nothing in that case comes close to the language of *Cole's Committee*, set out above, making it clear that in a case involving an incapacitated adults, amendment of the caption, if the caption is wrong, is permissible. If anything, the fact that *Herndon* holds that a suit by a minor must be brought in the name of the minor *by* his or her next friend, and not in the name of the next friend *for* or *on behalf of* the minor, conclusively shows that there is no universal rule that all suits involving persons under disabilities, which minors and incapacitated persons, among others, are under Va. Code § 8.01-2(6), must be brought in the style that defendants now urge.

Lastly, the court rejects defendants' argument relating to the order appointing Patricia C. Jarrell guardian and conservator for her daughter. At the time that order was entered, there was pending in this court a lawsuit brought by Terri L. Jarrell in her own right against the present defendants involving the same allegations as those in the present suit. That action was later nonsuited. The order appointing the guardian and conservator mentions Terri L. Jarrell's lawsuit but does not specifically authorize the guardian and conservator to pursue it, a fact defendants now seize upon to argue that the guardian and conservator, in fact, has no such authority. That argument is without any merit.

The order in question provides that the conservator shall have "all powers, liabilities, and duties as set out in § 37.1-137.3 and § 37.1-137.4 of the Code of Virginia, as amended." Virginia Code § 37.1-4(A)(5) empowers the conservator to "take all ... actions that will serve in the best interest of the incapacitated person." Even without that provision, § 37.1-141, set out above, not only allows, but *requires* that actions and suits of an

incapacitated person be prosecuted or defended by the fiduciary. In fact, the reference in the subject order to Terri L. Jarrell's then-pending action against these defendants was probably intended to satisfy § 37.1-141's mandate that the fiduciary be given notice of pending actions involving the incapacitated person. Defendants' attempt to make something more of that reference finds no support in fact or law.