COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Huff and Senior Judge Clements


JOHN L. HARNOIS, SR.

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1852-10-1                         PER CURIAM
                                                    SEPTEMBER 27, 2011
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         Edward W. Hanson, Jr., Judge

            (John L. Harnois, Sr., *pro se*, on brief).

            No brief for appellee.


        John L. Harnois, Sr. appeals an August 19, 2010 order from the trial court denying his

"Petition to Void Orders and Convictions Therefrom."  Appellant sought to void all protective

orders entered from January 17, 2001 through July 9, 2010 and "all convictions from or allegations

of violations thereof."  On appeal, he lists eleven assignments of error.[1]  He argues, generally, that

the trial court erred by concluding that the juvenile and domestic relations district court (JDR court)

had jurisdiction over the entry and enforcement of the protective orders after the parties filed for

divorce in the trial court.  In addition, he argues that the trial court erred by not appointing him a

guardian *ad litem*, ruling on his motion without hearing evidence or argument, failing to consider

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also lists twelve questions presented.  Effective July 1, 2010, Rule 5A:20(c) was revised to state that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider the additional issues listed as questions presented.  We find that this failure to comply with Rule 5A:20 is significant.  Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

the whole record before making its decision, entering the order without complying with the notice requirements of Rule 1:13, and failing to recuse itself or change venue. Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Protective orders

Appellant argues that the trial court erred when it concluded that the JDR court had jurisdiction to enter and enforce the protective orders, when the parties filed for divorce in the trial court.

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

"[A]n appellate court's review of the case is limited to the record on appeal." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

The record contains only appellant's "Petition to Void Orders and Convictions Therefrom," a notice regarding the petition, the trial court's August 19, 2010 order denying the petition, appellant's "Motions to Vacate, Rehear, Reconsider, Recuse and Change Venue" and notice, appellant's "Supplemental Motion to Vacate/Rehear," the trial court's September 9, 2010 order denying the motions to reconsider and vacate, for recusal, and change of venue, and

appellant's notice of appeal. The record does not contain copies of the JDR protective orders and the trial court's orders from the divorce.

Since appellant is asking that this Court review the JDR protective orders and subsequent conviction orders, along with the *pendente lite* orders, appellant had the burden to ensure that such documents were included in the record. Providing some of the relevant documents in the appendix is not sufficient, for it does not appear that these documents were presented to the trial court. Appellant failed to provide us with an adequate record to enable us to address his assignments of error. Therefore, we affirm the judgment of the trial court.

Appointment of a Guardian <em>ad Litem</em>

Appellant argues that the trial court erred in failing to appoint a guardian *ad litem* for him.

A person under a disability, including a convicted felon who is incarcerated, shall be appointed a guardian *ad litem* when he is a "party defendant." Code § 8.01-9(A). Appellant is not a "party defendant" in this case, and Code § 8.01-9 "is not concerned with the capacity of a person under a disability to sue but with the protection of such person when named as a defendant in a lawsuit." Cook v. Radford Cmty. Hosp., 260 Va. 443, 449, 536 S.E.2d 906, 909 (2000). "The filing of a lawsuit is an affirmative act on the part of a plaintiff and does not carry with it the need for the type of court-initiated protection which may exist when a person with a disability is required to defend himself in litigation that he did not instigate . . . ." Id.

Furthermore, appellant provided no legal authority to support his argument. See Rule 5A:20(e).

Accordingly, the trial court's ruling is affirmed.

## Merits and Record

Appellant argues that the trial court erred in not allowing him to argue the merits of his case and not considering the whole record before making its ruling.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Appellant did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments. In fact, aside from asserting the assignment of error, appellant fails to address the assignment in his brief.

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that appellant's failure to comply with Rule 5A:20(e) is significant, so we will not consider these issues. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

## Rule 1:13

Appellant argues that the trial court erred when it entered the August 19, 2010 order without complying with the notice requirements of Rule 1:13. Appellant acknowledges that the issue was not preserved pursuant to Rule 5A:18, but asks this Court to consider it under the ends of justice exception.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

"In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added).

Here, appellant did not argue how the trial court erred, nor did he show that a miscarriage of justice occurred. Appellant clearly had notice of the entry of the August 19, 2010 order, as he filed a motion to reconsider and a notice of appeal.

## Recusal of judge

Appellant argues that the trial court erred by not recusing itself.[2] Appellant contends the trial court was biased because it heard other cases relating to the protective orders and appellant's divorce.

"[T]he party moving for recusal of a judge has the burden of proving the judge's bias or prejudice." Commonwealth v. Jackson, 267 Va. 226, 229, 590 S.E.2d 518, 519-20 (2004). In considering a motion to recuse, "[a] trial judge must exercise reasonable discretion to determine whether he possesses such bias or prejudice as would deny the defendant a fair trial." Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981) (citing Slayton v. Commonwealth, 185 Va. 371, 376, 38 S.E.2d 485, 488 (1946)).

---

[2] Appellant also stated in his assignment of error that the trial court erred in not changing the venue, but he did not develop this argument in his brief, instead focusing on the issue of whether the judge should have recused himself. See Rule 5A:20. Accordingly, we will not consider the change of venue issue.

"'Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings . . . does not automatically or inferentially raise the issue of bias.'" <u>Deahl v. Winchester Dep't of Soc. Servs.</u>, 224 Va. 664, 672-73, 299 S.E.2d 863, 867 (1983) (quoting <u>Barry v. Sigler</u>, 373 F.2d 835, 836 (8th Cir. 1967)).

Here, appellant did not meet his burden to prove that the trial court was biased or prejudiced against him. The trial court did not abuse its discretion in refusing to recuse itself.

Conclusion

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>